FILED
SUPERIOR COURT
OF GUAM

2022 NOV -8 PM 4: 12

CLERK OF COURT

BY:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DEPARTMENT OF CORRECTIONS,<br><br>Petitioner,<br><br>vs.<br><br>GUAM CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>vs.<br><br>JOSEPH CRUZ II,<br><br>Real Party in Interest. | Special Proceedings Case No.: <u>SP0083-22</u><br><br>**DECISION AND ORDER DENYING MOTION TO DISMISS FOR FAILURE TO JOIN PARTY** |

The Court here considers whether to dismiss the Department of Corrections' (DOC) request for a Writ of Prohibition against the Civil Service Commission (CSC) based on DOC's failure to name the Guam Bar Association's Ethics Committee as a respondent. The Court determines that it has jurisdiction over this matter but that the Ethics Committee is not a necessary party. Accordingly, the Motion is DENIED.

## I.  PROCEDURAL BACKGROUND

DOC initiated this action seeking a review of the CSC's Decision and Judgment reinstating Real Party in Interest Joseph Cruz II's employment. *Cruz v. Dept. of Corrections,* Adverse Action Appeal Case No. 21-AA03T. In Count Seven of DOC's Verified Petition for Judicial Review and for Writ of Prohibition, DOC sought a writ directing the CSC to cease permitting and encouraging the unlicensed practice of law in CSC proceedings. V. Pet. ¶ 171 (June 17, 2022). Cruz filed a Motion to Dismiss for Failure to Join Party asserting that DOC

# ORIGINAL

failed to join an indispensable party. Cruz contends that Guam Rule of Civil Procedure 19 and 7 GCA § 9A215 mandate the joinder of the Ethics Committee as a party respondent. The CSC filed a non-substantive joinder to the Motion, while DOC opposed it. The Court heard the matter on October 10, 2022, and now issues this Decision and Order.

## II.    LAW & ANALYSIS

### A. The Court has jurisdiction over DOC's request for a Writ of Prohibition.

Section 9A215(f) states that "When the Ethics Committee discovers that any person is illegally practicing law in Guam, it shall bring an action in the Superior Court of Guam to enjoin and restrain such illegal practice of law temporarily and permanently." Cruz contends that this provision makes the Ethics Committee a necessary party. However, the Court preliminarily finds that Cruz's argument is more properly characterized as a challenge to the Court's subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (affirming that if a requirement in a statute is jurisdictional, failure to comply with that requirement divests a court of subject matter jurisdiction). Subject matter jurisdiction can always be raised, even *sua sponte*. *See People v. Angoco*, 2006 Guam 18 ¶ 2 ("we first determine whether we have jurisdiction, and clearly, we must dismiss *sua sponte* when such jurisdiction is lacking."). The Court therefore first examines whether jurisdiction exists over this action in the absence of the Ethics Committee.

Passed in 1990, section 9A215 aimed to regulate the illegal practice of law in Guam by providing a comprehensive definition of what constituted the practice of law. *See* 7 GCA § 9A215(b) (requiring the Guam Bar Association to pass rules that reference specific activities as qualifying as the "practice of law"); Guam Pub. L. 20-175 (May 18, 1990). The Legislature transferred the power to regulate the practice of law to the Guam Supreme Court when it was reestablished in 1993 and authorized to promulgate rules to effectuate that power. 7 GCA § 9101; Guam Pub. L. 21-147 (Jan. 14, 1993). In 1996, the Guam Supreme Court by



ORIGINAL

promulgation order adopted the then-existing rules governing admission and rules of discipline as its interim rules—including the provisions of section 9A215. Also, in 2005, the Supreme Court clarified that any statute adopted as an interim rule remains in effect until it is repealed by Supreme Court Order. *In re: James S. Brooks*, ADC03-002 (Order at 8 (July 19, 2005)).

The parties here disagree over the current enforceability of section 9A215. In response to Cruz's assertion that section 9A215 mandates that the Ethics Committee join this proceeding, DOC claims section 9A215 is no longer in effect. DOC cites in support: the transfer of power to regulate the practice of law to the Guam Supreme Court under Public Law 21-147; the amendment to the Organic Act, which established the Judiciary of Guam as a co-equal branch of the government; and the promulgation of new rules of Lawyer Disciplinary Enforcement and Disability Proceedings that have sunset the Ethics Committee. *See Adoption of the Guam Rules of Lawyer Disciplinary Enforcement and Disability Proceedings*, PRM21-001 (Promulgation Order No. 21-001-01, Mar. 16, 2021).

The Court need not reach the question of the enforceability of section 9A215, however. Even assuming that section 9A215 remains in force as a valid interim rule of the Supreme Court of Guam,[1] a petition for a Writ of Prohibition would not fall within the category of actions that require the joinder of the Ethics Committee. Under 7 GCA § 31301, a party may petition for a Writ of Prohibition to arrest any tribunal acting in excess of its jurisdiction. The Guam Supreme Court deems a petition for a Writ of Prohibition as a special proceeding that is "the appropriate remedy for relief where it is necessary to arrest" a tribunal acting in excess of its jurisdiction. *Guam Police Dep't v. Superior Ct. of Guam*, 2011 Guam 8 ¶ 18; *Guam Police Dep't v. Guam Civ. Serv. Comm'n*, 2020 Guam 12 ¶ 13. On the other hand, section 9A215 states that "any person

---

[1] And this Court has grave doubts about such an assumption, given the Supreme Court's establishment of a "comprehensive system of regulation of the legal profession in Guam." Guam Rules for Lawyer Disciplinary Enforcement & Disability Proceedings, Rule 1.

ORIGINAL

may bring *an action to enjoin and restrain*, temporarily or permanently, the illegal practice of law within Guam; provided, that the Ethics Committee of the Guam Bar Association shall be named as a party respondent." 7 GCA § 9A215(i) (emphasis added).

DOC's petition seeks to arrest the proceedings of the CSC in its exercise of judicial functions in a special proceeding; in contrast, DOC has not filed a civil action seeking an injunction or restraining order. *Cf. Duque v. Super. Ct. of Guam*, 2007 Guam 15 ¶¶ 14, 16 ("[A]n injunction presents an alternative remedy that precludes issuance of a writ of prohibition. . . . [A]n Idaho appellate court vacated the trial court's issuance of a writ of prohibition . . . holding that . . . the party could have requested the issuance of a *preliminary injunction or restraining order*.") (emphasis added). Thus, the Court has jurisdiction to hear DOC's petition under 7 GCA §§ 31301 and 31302 because it seeks a Writ directed to a tribunal--as opposed to a civil action to enjoin or restrain a person or organization.

**B.  The Court declines to join the Ethics Committee as it is no longer the expectation of the Supreme Court that the Committee will be a party to such proceedings.**

The Court proceeds to examine if the Ethics Committee is a necessary party. Under Rule 19 necessary persons should be joined if feasible.[2] A person is necessary if complete relief cannot be accorded in the person's absence among those already parties. GRCP 19(a)(1). Alternatively, a person is necessary if they claim an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect that interest or leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise

---

[2] "While the term 'necessary party' was removed from the language of section (a) (again, to resolve confusion between terms "necessary party" and "indispensable party"), many courts continue to use the term "necessary party" in analyzing whether an absentee's presence in the case is required for just adjudication under subsection (a)." *Benavente v. Taitano*, 2006 Guam 15 ¶ 57 n.10.

# ORIGINAL

inconsistent obligations because of the claimed interest. GRCP 19(a)(2). Even if a non-party is necessary, a Court should only dismiss for nonjoinder if it determines in equity and good conscience the action cannot proceed among the parties already before it because the absent person is regarded as indispensable. GRCP 19(b).

The Court finds that the Ethics Committee is not necessary to this proceeding because complete relief can be accorded in the Committee's absence among those already parties. This is particularly true because the relevant cause of action raised by DOC is for a Writ of Prohibition against the CSC rather than a civil action to prevent any particular person or entity from participating in the unlawful practice of law.

Also, to the extent the Ethics Committee still exists, it would not be bound by a judgment in this action. Indeed, the only prerequisite for this Court to exercise the power to arrest the proceedings of the CSC in its exercise of judicial functions is to have the CSC properly before the Court as a party. *See, e.g., Doe v. Regents of Univ. of California*, 295 Cal. Rptr. 3d 625 (Ct. App. 2022), review filed (Aug. 3, 2022) ("the failure to join 'indispensable' parties does not deprive a court of the power to make a legally binding adjudication between the parties properly before it. To be sure, an indispensable party is not bound by a judgment in an action in which he was not joined. But failing to join an indispensable party is not a jurisdictional defect in the fundamental sense.") (internal citations omitted).

Furthermore, Cruz has failed to articulate what interest the Ethics Committee claims relating to the subject of this action. Although the recent promulgation of new rules of discipline may have left the law somewhat unsettled, it seems clear enough that it is no longer the expectation of the Supreme Court that the Ethics Committee be prospectively part of any new proceedings. *See* Promul. Order No. 21-001-01 at 2 ("These Rules shall become effective in

**ORIGINAL**

their entirety on August 1, 2021. Any discipline or disability investigation pending on that date shall be transferred from the Guam Bar Ethics Committee to the Investigative Committee under these Rules.").

In conclusion, even if the Ethics Committee were an indispensable party—and the Court finds that it is not—DOC's failure to join it is not a jurisdictional defect in the fundamental sense, and such nonjoinder does not warrant dismissal. In other words, justice does not require halting this action in the Ethics Committee's absence.

## III.      <u>CONCLUSION AND ORDER</u>

The Court may assert jurisdiction over DOC's Petition for Writ of Prohibition; further, the Court declines to require the joinder of the Guam Bar Association's Ethics Committee as it is not a necessary party to this special proceeding. Thus, the Court DENIES Cruz's Motion to Dismiss. Cruz shall answer the Verified Petition within fourteen days of this Decision and Order.

SO ORDERED this 8th day of November 2022.

HON. ELYZE M. IRIARTE
**Judge, Superior Court of Guam**

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG-Civil, *Razzano Walsh & Torres, PC.*
CSC - Eric Miller
Date: 11/8/22  Time: 4:21pm
AMY COLLEEN K. ARCEO
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Heather Martinez Zona, Office of the Attorney General, for
     Petitioner Department of Corrections
Eric D. Miller, Esq., Civil Service Commission, for Respondent Civil Service Commission
Joshua D. Walsh, Esq., Razzano Walsh & Torres, P.C., for Real Party in Interest Joseph Cruz II

# ORIGINAL